STATE OF NEBRASKA, APPELLANT, V. DODGE CITY ET AL., APPELLEES.

470 N.W.2d 795

Filed June 21, 1991.   No. 89-339.

Robert M. Spire, Attorney General, and William L. Howland for appellant.

Daniel L. Lindstrom and Jeffrey H. Jacobsen, of Jacobsen, Orr, Nelson, Wright, Harder & Lindstrom, P.C., and Andrew J. McMullen for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

The State appeals from an order of the district court which

held that five electronic and video machines were prohibited gambling devices on the date of their seizure, but which held that the machines could not be forfeited to the state. The trial court ruled that the machines could be returned to their owners because the applicable statute had been amended prior to the hearing on the petition for forfeiture. We reverse.

Sgt. Larry Williams, an investigator for the Nebraska State Patrol, testified that in January 1987, he took part in the seizure of five electronic and video gambling machines from clubs in Kearney, Nebraska. On May 19, 1987, the State filed a petition seeking an order directing forfeiture of the machines as illegal gambling devices. A hearing on the petition was held on January 17, 1989, and the court issued its order on March 14, 1989. The trial court found that the seizure was proper, but that the devices were no longer unlawful under current statutes, and that the devices and money found in them should be returned to their owners. The State's motion for new trial was overruled, and this appeal followed.

The State assigns as error the trial court's determination that the 1987 amendment to Neb. Rev. Stat. § 28-1107 (Reissue 1989) made only possession of certain mechanical gambling devices illegal, and its determination that in order for forfeiture to be legal, possession of the gambling devices had to be in violation of article 11 of chapter 28 of the Nebraska Revised Statutes.

As we noted recently in *State v. Two IGT Video Poker Games*, 237 Neb. 145, 465 N.W.2d 453 (1991), an action for forfeiture is considered to sound in equity, and we review an equity action de novo on the record and reach our own conclusion independent of the findings of the trial court.

The State's petition seeking the forfeiture was filed prior to the amendment of § 28-1107, and under the general saving clause, a pending action is not affected by the repeal or amendment of a statute, and the laws in effect at the time of the commencement of the action are controlling. See, *United Mineral Products Co. v. Nebraska Railroads*, 177 Neb. 802, 131 N.W.2d 388 (1964); Neb. Rev. Stat. § 49-301 (Reissue 1988). We have held that the saving clause applies to both civil and criminal statutes. See *State v. Randolph*, 186 Neb. 297, 183

N.W.2d 225 (1971), *cert. denied* 403 U.S. 909, 91 S. Ct. 2217, 29 L. Ed. 2d 686.

Although we must apply the statute which was in effect at the time of the petition for forfeiture, and in so doing we find that the machines in question were gambling devices and were properly seized, we also find that the devices were illegal under either version of the statute.

In *Two IGT Video Poker Games, supra*, we analyzed whether two video poker devices similar to the ones at issue here met the statutory definition of gambling device as found in Neb. Rev. Stat. § 28-1101(5) (Reissue 1989), which has not been amended since 1986. We held:

> A gambling device is therefore a device which is used or usable by a person to bet something of value on the outcome of a future event, which outcome is determined by an element of chance and which does not fall within one of the exceptions contained in § 28-1101(4). There is no question but that the outcome of the poker hands played on the machines in question is a future event determined by an element of chance . . . .

*State v. Two IGT Video Poker Games, supra* at 151, 465 N.W.2d at 459.

The version of § 28-1107 which was in effect in early 1987 provided that possession of a gambling device is illegal, and provided exceptions for certain types of devices, including for

> any coin-operated mechanical game designed and manufactured to be played for amusement only and which may allow the player the right to replay such mechanical game at no additional cost, which right to replay shall not be considered money or property, except that such mechanical game (a) can accumulate no more than fifteen free replays at one time, (b) can be discharged of accumulated free replays only by reactivating the game for one additional play for each accumulated free replay, and (c) makes no permanent record directly or indirectly of free replays so awarded.

§ 28-1107 (Reissue 1985).

In the later 1987 version, exceptions were added for "computer gaming device[s], electronic gaming device[s], or

video gaming device[s]." Also eliminated was the 15-replay limit. See § 28-1107 (Reissue 1989). The revision in the law makes no difference to the facts of this case, since the machines are illegal gambling devices under either version of the statute.

Dodge City and the other games in the present case, like those in *Two IGT Video Poker Games*, are activated by players using coins and provide free replay credits, which involve extension of a service or entertainment. Thus, the devices are used to bet something of value on the outcome of a future event, and "unless the activity falls within one of the exceptions listed in § 28-1101(4), playing the machines is engaging in gambling, and the machines are gambling devices within the meaning of the statute." *State v. Two IGT Video Poker Games, supra* at 152, 465 N.W.2d at 459. None of the exceptions in § 28-1101(4)—entering into a lawful business transaction, playing an amusement device with an unrecorded right of replay, conducting or participating in a prize contest, and conducting or participating in any bingo, lottery, or raffle—apply to this case.

As with the devices in *Two IGT Video Poker Games*, we find that these machines are equipped both with reset switches and with meters to make a permanent record of the replays awarded, which violates the statute and makes the machines illegal gambling devices. Under Neb. Rev. Stat. § 28-1111 (Reissue 1989), which has remained in effect throughout the history of this case, any gambling device possessed in violation of article 11 of chapter 28 "shall be forfeited to the state." In addition, Neb. Rev. Stat. § 29-820(1)(d) (Reissue 1989) requires that seized contraband, such as these illegal gambling devices, shall be destroyed.

The district court was correct in finding that the machines were illegal at the time of the seizure; however, the trial court erred in holding that the machines were no longer illegal 2 years later and that they should be returned to the owners.

We reverse the decision of the district court and remand the cause with directions to grant the plaintiff's petition for forfeiture.

REVERSED AND REMANDED WITH DIRECTIONS.